IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  CRIMINAL NO. JKB 20-0195 |
| KYELL A. BRYAN | * |
| | * |
| Defendant. | * |
| | ******* |

**CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America respectfully moves to exclude time from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h).

1. On September 9, 2020, the Grand Jury returned a Superseding Indictment in this case, adding defendant Bryan as a co-defendant.

2. On October 27, 2020, defendant Bryan was arrested in the Middle District of Pennsylvania, and brought to the adjacent District of Maryland, for his initial appearance on the Superseding Indictment.

3. On October 28, 2020, defendant Bryan made his initial appearance before the Court on the Superseding Indictment. Bryan was ordered temporarily detained, pending a detention hearing.

4. On November 4, 2020, Bryan appeared again before the Court. The government withdrew its motion for detention, and Bryan was released on conditions, pending trial, to the third-party custody of his father. Bryan's conditions of released have been slightly modified through subsequent orders of the Court.

5. On April 23, 2021, the Court entered an Order excluding time from calculation under the Speedy Trial Act through June 1, 2021.

1

6. On May 5, 2021, co-defendant Jordan K. Milleson pled guilty and was sentenced.

7. On June 3, 2021, the Court entered an Order excluding time from calculation under the Speedy Trial Act through July 2, 2021.

8. On June 9, 2021, the Court held a telephonic status conference with the parties. Following the teleconference, the Court entered a scheduling order. ECF No. 75. Pursuant to the scheduling order, defense motions are to be filed on or before September 9, 2021. *Id.*

9. The pending charges are complex, including computer crimes taking place over several years, and involving multiple defendants and a number of victims. The government has provided voluminous discovery to Bryan, including many pages of contents of electronic accounts and voluminous information seized from a number of different electronic devices. As such, the parties have agreed that it is necessary to allow defense counsel to review the discovery and to prepare any pre-trial motions, including motions to suppress.

10. The undersigned counsel for the government has consulted with counsel for the defendant, who has no objection to this motion.

11. Under the Speedy Trial Act, specifically 18 U.S.C. § 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending.

12. Periods of delay which would extend the time within which trial should commence include delay resulting from pretrial motions, including this motion, and anticipated pretrial suppression motions. 18 U.S.C. § 3161(h)(1)(D). A period granted by this Court in which to file pre-trial motions is excludable delay under the general provision of Section 3161(h)(1)(D). Although that section enumerates specific excludable proceedings, the list is not exhaustive, and

has been interpreted to include a number of different proceedings and events concerning a defendant. Circuit courts have ruled that these excludable "proceedings" include time specifically granted for the research, preparation, and filing of pre-trial motions.[1] Underlying these decisions is the notion that the time specifically allotted for the research and preparation of pre-trial motions is a "procedure . . . which a defendant might legitimately seek to take advantage for the purpose of pursuing his defense." *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir. 1982). Additional time through the hearing and/or prompt disposition of such motions shall also be excluded pursuant to § 3161(h)(1)(D).

13. Other periods of delay which would extend the time within which trial should commence include delay resulting from a continuance of the trial date beyond the seventy-day speedy trial date, if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Factors which the Court must find applicable in order to make this finding are listed in Section 3161(h)(7)(B) and include the following:

   a. "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

---

[1] *See United States v. Hoslett*, 998 F.2d 648, 654-57 (9th Cir. 1993); *United States v. Lewis*, 980 F.2d 555, 564 (9th Cir. 1992); *United States v. Benson*, 941 F.2d 598, 606 (7th Cir. 1991); *United States v. Barnes*, 909 F.2d 1059, 1064 (7th Cir. 1990); *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990); *United States v. Mobile Materials,* 871 F.2d 902, 913-14 (10th Cir. 1989)(*per curiam*), opinion supplemented on rehearing, 881 F.2d 866 (10th Cir. 1989); *United States v. Piontek*, 861 F.2d 152 (7th Cir. 1988); *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir. 1987); *United States v. Wilson*, 835 F.2d 1440, 1444-45 (D.C. Cir. 1987); *United States v. Thomas*, 788 F.2d 1250, 1256 (7th Cir.), *cert. denied*, 479 U.S. 853 (1986); *United States v. Latham*, 754 F.2d 747, 752 n.4 (7th Cir. 1985); *United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985); *United States v. Jodoin*, 672 F.2d 232 (1st Cir. 1982).

  b. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

  c. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

18 U.S.C. § 3161(h)(7)(B).

  14. The government respectfully submits that all of the above factors are applicable to this- prosecution and justify a postponement and continuation of the trial date beyond the speedy trial date. Given the complexity of this case and the volume of electronic evidence obtained by the government and produced in discovery, the government submits that, taking into account the exercise of due diligence, the defendant could not be ready to defend this case within the seventy-day period. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendant in a speedy trial.

  Wherefore, the government respectfully requests that this Court enter an Order excluding time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A), for the period from July 3, 2021 through September 9, 2021, inclusive.

                                Respectfully submitted,

                                Jonathan F. Lenzner
                                Acting United States Attorney

By:        /s/
                                Christopher M. Rigali
                                Zachary A. Myers
                                Assistant United States Attorneys